IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEMETRIUS A WALLACE,

    Petitioner,

v.                                            CASE NO. 1:10-cv-00200-MP-GRJ

SECRETARY DEPT OF CORRECTIONS,

    Respondent.

_____/

**O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation. (Doc. 37).  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  The petitioner objected at Doc. 42, and the Court has conducted a de novo review of the objected to issued.  For the reasons given below the Report and Recommendation is accepted and the habeas petition denied.

Mr. Wallace was convicted in Florida state court of both possession of cocaine and sale of cocaine involving the same transaction.  Petitioner filed a habeas petition, raising five claims.  First, he claimed the trial court erred in declining to declare a mistrial.  The Court agrees with the Magistrate Judge that petitioner failed to present this issue to the state courts as a federal constitutional issue, and thus he has failed to exhaust that claim.   The Court finds that petitioner has not offered sufficient cause and prejudice for the default.

Second, the undersigned agrees that the Eleventh Circuit has expressly foreclosed his second through fourth claims because it ruled that Florida's controlled-substance statutes under

which petition was convicted are not strict liability crimes and therefore are not unconstitutional. Shelton v. Sec'y, Dep't of Corr., 691 F.3d 1348 (11th Cir. 2012).

Finally, the petitioner's fifth claim argues that the two convictions stemming from one transaction violated double jeopardy. The Magistrate Judge is correct in recommending that petitioner's conviction for sale and also possession of the same quantum of cocaine does not violate double jeopardy because the elements of the two offenses under state law are not identical: situations existed where sale could occur without possession, so that possession was not essential element of sale. The Florida Supreme Court made this exact ruling in State v. McCloud, 577 So.2d 939 (Fla.,1991).

In his objections, the petitioner makes the same argument made by Justice Barkett in her dissent in State v. McCloud. However, that argument was expressly rejected by the majority of that Court. He also relies upon Valdes v. State, 3 So.3d 1067 (Fla., 2009), but that case is not applicable because it held that "the only offenses that [would not be separate offenses] under subsection (4)(b)(2) are those that constitute different degrees of the same offense, as explicitly set forth in the relevant statutory sections." Id. at 1077. There are no different degrees set forth explicitly in the statutory sections involved in this case.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.
2. The petition for writ of habeas corpus is denied, and no certificate of appealability is appropriate in this case.

**DONE AND ORDERED** this _20th_  day of March, 2014

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge